IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:15-CR-0492-N |
| | § | |
| JOHN R. FARRAR, | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE CONCERNING PLEA OF *NOLO CONTENDERE***

On April 12, 2016, by his consent and under authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), Defendant John R. Farrar appeared before the undersigned United States magistrate judge to enter a plea of *nolo contendere* (no contest) to the sole count of the Indictment, which charges him with Possession of Obscene Visual Representations of the Sexual Abuse of Children, in violation of 18 U.S.C. § 1466A(b)(1) and (d)(5). Doc. 1. Defendant was represented by counsel, Assistant Federal Public Defender Doug Morris, and the Government was also represented by and through Assistant United States Attorney Gary Tromblay.

**I. CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

After being advised of his right to enter his *nolo contendere* (no contest) plea before the district judge, Defendant knowingly and voluntarily waived that right, and consented to enter his *nolo contendere* (no contest) plea before the United States Magistrate Judge.

**II. KNOWING AND VOLUNTARY ENTRY OF NOLO CONTENDERE (NO CONTEST) PLEA**

Under Rule 11, a criminal defendant may enter a plea of *nolo contendere* with the consent of the Court. FED. R. CRIM. P. 11(a)(1). A *nolo contendere* plea

> means literally 'I do not contest it,' and 'is a mere statement of unwillingness to contest and no more,' [but] it does admit 'every essential element of the offense (that is) well pleaded in the charge.' Hence, it is tantamount to 'an admission of guilt for the purposes of the case,' and 'nothing is left but to render judgment, for

>the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record. Yet the plea itself does not constitute a conviction nor hence a 'determination of guilt.' It is only a confession of the well-pleaded facts in the charge. It does not dispose of the case. It is still up to the court 'to render judgment' thereon.

*Lott v. United States*, 367 U.S. 421, 426 (1961) (quoted cases omitted).

After having been cautiously examined under oath concerning each of the subjects mentioned in Rule 11, and advised that a plea of *nolo contendere* or no contest is effectively a guilty plea that would likely result in his conviction, Defendant knowingly and voluntarily pled no contest (*nolo contendere*) to the sole count of the Indictment.

### III. FACTUAL SUPPORT

Defendant also stipulated that the Government has sufficient evidence to establish each of the essential elements of the charge against him. To establish the same, the Government made an offer of proof with supporting exhibits, which were received by the Court without opposition. Upon review of the same, the Court makes the following factual findings:

The evidence shows that on or about May 5, 2015, in the Dallas Division of the Northern District of Texas, Defendant, in the territorial jurisdiction of the United States, did knowingly possess a visual depiction of a minor engaging in sexually explicit conduct, as that term is defined in 18 U.S.C. § 2256(2)(A), which is obscene, to wit: at Seagoville Federal Correctional Institution (FCI), Defendant did knowingly possess visual depictions of minors engaging in sexually explicit conduct that are obscene.

Specifically, while Defendant was an inmate at Seagoville FCI—which is in the territorial jurisdiction of the United States—serving a 180-month term of imprisonment for transportation and possession of child pornography, prison officials found seven visual depictions—all drawings—of minors engaging in sexually explicit conduct that are obscene in

Defendant's prison work station.  *See* GX 1.  The first six drawings are the ones described in Count One of the indictment as follows:

| Description |
| --- |
| **Drawing Number One.**  A drawing titled "*Family Night.*"  The drawing depicts a naked male seated on a sofa penetrating the genitals of a minor girl with his penis.  The minor girl is depicted wearing a sock on her right foot.  Another naked minor girl is depicted kneeling at the male's feet watching him have sexual intercourse with the minor girl.  Another minor girl, wearing only underwear and a sock on her right foot with a doll behind her, is depicted kneeling on the sofa next to the male also watching him have sexual intercourse with the minor girl.  A bare-chested female with developed breasts is depicted standing behind the sofa watching the male have sexual intercourse with the minor girl.  Another minor girl, wearing a sock on her left foot, is depicted seated on top the sofa next to the male with her genitals exposed holding out and admiring an object shaped like a penis.  A framed picture of a minor girl's genitals is depicted hanging on the wall directly behind the sofa. |
| **Drawing Number Two.**  A drawing depicting a naked, freckled-faced minor girl exposing her genitals.  The minor girl is depicted with her arms folded over her head, and she is depicted wearing a band or collar around her neck. |
| **Drawing Number Three.**  A drawing depicting a naked male penetrating the genitals of a minor girl wearing only socks with his penis.  The male is depicted holding the minor girl's hands as he has sexual intercourse with her.  The minor girl's eyes are closed and her head and shoulders are crowned with the alphabet letters "A," "B," "C," and "D," with two balloons next to the letter "A" and two lollipops next to the letter "D." |
| **Drawing Number Four.**  A drawing titled "*Extra Credit.*"  The drawing depicts a naked minor girl with her eyes closed, with a sock and shoe on her left foot, seated on the floor with the erect penis of a kneeling male in her mouth.  The minor girl is depicted using her left hand to part her fully exposed genitals as the male penetrates her mouth with his penis.  An apple is depicted on top of two books titled "*Anatomy*" and "*Eroticon '98,*" which are set on a table behind the minor girl. |
| **Drawing Number Five.**  A drawing titled "*Dancers at the Kitten Club*."  The drawing depicts three naked minor girls standing on a stage next to a pole.  The minor girl on the left side of the drawing, wearing only socks and shoes, is depicted with her genitals exposed and a chain around her waist.  The minor girl in the middle, wearing only shoes, is depicted with her right arm over the first girl's right shoulder.  The minor girl in the middle is also depicted wearing bands on her upper arms and a chain around her waist.  The minor girl on the right side of the drawing, wearing only socks and shoes and a ban or collar around her neck, is featured with her body facing the pole. |

> **Drawing Number Six.**  A drawing depicting a naked minor girl in a seated position with her legs apart, exposing her genitals.  The minor girl, wearing only socks, is depicted licking a penis-shaped object with a liquid substance on the tip that she is holding in her right hand.  The minor girl's genitals are depicted leaking a liquid substance as she licks the liquid substance off the tip of the object.  The minor girl is depicted saying or thinking, "*You like me when I'm naughty, dontcha, Mr. Clark?*"

GX1.  Prison officials also discovered in the defendant's work station with these seven drawings two hand-written books—titled "*The Handyman*" and "*Grief of the Lady Slippers*"—that both story the sexual abuse of minors.  GX 2-3.

Defendant, after waiving his *Miranda* rights, signed a typewritten statement admitting that he had received and possessed the seven drawings found in his work station, and that he had penned the two hand-written books.  GX 4.

Prior to possessing the drawings described in Count One of the Indictment, Defendant had been convicted on or about June 28, 2007, in the United States District Court for the District of Massachusetts, for the felony offenses of Transporting Child Pornography (Counts One through Five) and Possession of Child Pornography (Count Six), Docket Number 05CR10353, as alleged in the Indictment, and sentenced to a total term of imprisonment of 180 months and five years' supervised release.  *United States of America v. John R. Farrar*, No. 05CR10353 (D. Mass. June 28, 2007); *see* GX 5-8.

Accordingly, the Court concludes that there is competent and credible evidence establishing each essential element of the offense charged by the sole count of the indictment, and further, that such evidence establishes Defendant's guilt of the offense charged by the sole count of the indictment beyond a reasonable doubt.

## IV. RECOMMENDATION

It is recommended that the Court (1) retrospectively consent to Defendant's entry of a *nolo contendere* (no contest) plea; (2) accept Defendant's *nolo contendere* (no contest) plea; (3) pronounce Defendant guilty of the offense charged by the sole count of the Indictment; and (4) order that Defendant remain in custody pending sentencing and any further proceedings in this case.

**SIGNED** April 13, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE